*Decision will be entered under Rule 50.*

CRAWFORD H. ELLIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95133. Promulgated October 18, 1939.

*Robert Ash, Esq.,* for the petitioner.
*Joe D. Hughes, Esq.,* for the respondent.

736

OPINION.

ARUNDELL: The petitioner insists that he is entitled to be classified as the head of a family within the meaning of section 25 (b) (1) of the Revenue Act of 1934. His argument is that under the facts in his case he meets every element of article 25-4 of Regulations 86, which defines the statutory term of "head of a family" as follows:

A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based on some moral or legal obligation.

This definition given in the respondent's regulations has been approved as a fair interpretation of the statute. *Alfred E. Fuhlage*, 32 B. T. A. 222.

Granting, for the purpose of discussion, that the facts bring the petitioner within the words of the quoted definition, it does not follow that he is the head of a family. The definition is framed for the purpose of ascertaining which individual of a family group is to be considered the head of that group and shall receive the larger credit. The statutory phrase is "*the* head of a family." Obviously, this means but one person may be the head of a family and the definition must be read in the light of that premise. Otherwise, it might be that more

than one person would be entitled to the family head credit. For example, a father and mother might each contribute equal sums in payment of the food, lodging, etc., for themselves and their children, and each would thus literally come within the definition. Under petitioner's view, carried to the extreme, a family could have as many "heads" as there are adults living in the household and contributing materially to the support of the minor children. It is too clear for argument that this is not the intent of either the statute or the regulations.

In this case the Hindermanns—husband and wife and two sons—constituted a family. Although one son was supported entirely by his grandfather, he was not thereby removed from the Hindermann family fold. He was not adopted by the grandfather and he at all times lived in the same household with his parents and his brother. Franz Hindermann was the head of his family under the generally recognized principle of law that the husband is the head of the family, and, in the absence of unusual circumstances, he should be so regarded here. In *Annette Loughran*, 40 B. T. A. 252, the very unusual facts resulted in the allowance of the family head credit to a woman taxpayer who was obliged to support her mother in consequence of the willful omission of the mother's husband to support her. While the husband was gainfully employed, other dependents apparently consumed his income. The mother had no income of her own, and upon her husband's failure to support her, she was dependent on the taxpayer, her only child, for support. We said in part:

> It is true that under local law a husband is a head of a family and has a primary legal duty to support his wife; nevertheless, where he has neglected his legal duty and failed to exercise his legal rights as a head of a family, then, in applying a provision of a revenue act, we believe that it is in accord with the intendment of Congress to hold that another person who acts as head of the family under exercise of a moral obligation was the head of the family for purposes of taxation.

In the present case we have none of the unusual facts that we had in the *Loughran* case. Here Franz Hindermann had substantial income and there is no evidence of any inability or unwillingness on his part to support his sons. There are no facts in this case that deprived Franz Hindermann of his status as the head of his family. This being so, the petitioner's support of one member of that family does not make him its head.

Reviewed by the Board.

*Decision will be entered for the respondent.*