### ELLIS v. COMMISSIONER OF INTERNAL REVENUE.
### No. 9359.

Circuit Court of Appeals, Fifth Circuit.
April 12, 1940.

Robert Ash, of Washington, D. C., for petitioner.

Thomas G. Carney, Sewall Key, and John A. Gage, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John W. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

For the years 1934 and 1935 the taxpayer claimed a personal exemption of $2,500 as the head of a family and an allowance of $400 for his grandson as a dependent. The former claim was disallowed, and is the point for decision.

The facts found are that the taxpayer, a widower, rented a house in which he lived with his daughter, and her husband and two sons, taxpayer paying the bills for food. We suppose the daughter was housekeeper and her husband paid for servants, water and lights, and other household expenses. The older son was at first named for his father, but taxpayer in 1919 agreed with his daughter that if she would change the name to make the child his namesake, taxpayer would assume full control of the child and pay all his expenses. The name was changed and taxpayer has since provided food, lodging, schooling, clothing, medical care and a weekly allowance for the child, who calls him "Daddy", but he pays only for the food and lodging of the other grandson. The parents reported community net incomes of $8,368 each for 1934, and $21,118 each for 1935, and claimed credit for their two sons as dependents. The older son became eighteen years of age in 1935.

Revenue Act of 1934, Sect. 25(b) 48 Stat. 680, 26 U.S.C.A. Int.Rev.Acts, allows: "(1) Personal exemption. In the case of a single person, a personal exemption of $1,000; or in the case of the head of a family or a married person liv-

ing with husband or wife, a personal exemption of $2,500. * * *" Regulation 77, Art. 292, states: "A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based on some moral or legal obligation." This taxpayer of course is entitled to an exemption of $1,000. He falls in a general way within the quoted definition of a head of a family, in that he supports in one household four individuals closely connected with him by blood or marriage, but the weakness of his position is that the phrase "these dependent individuals" does not fit. No one of the four is in a fair sense dependent on him, for his daughter and her husband have abundant means to support themselves and their sons, and in their tax returns claim their sons are in fact as they are in law dependent on them. As to the elder son there is a fair moral obligation on the taxpayer to support him, though the promise was to the mother. But he has not been adopted. He remains under the control of his father and a member of his father's family. Paternal control has not been relinquished. This son remaining a member of his own father's family cannot constitute a family for his grandfather, though they all live together. We think the statute has been fairly applied in that this taxpayer is allowed a personal exemption of $1,000, his son-in-law and daughter one of $2,500, and one credit for a dependent is given to the parents and one to the grandparent.

Affirmed.