Marie E. Rolf v. Commissioner.
Rolf v. Commissioner
Docket No. 930.
United States Tax Court
1943 Tax Ct. Memo LEXIS 156; 2 T.C.M. (CCH) 591; T.C.M. (RIA) 43377; August 7, 1943
*156 Charles W. Moxley, Esq., for the petitioner. Elmer L. Corbin, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: The respondent has determined deficiencies in income tax of $152.97 for 1939 and $117.13 for 1940. The only question in issue is whether the respondent erred in disallowing the petitioner a personal exemption credit as head of a family and in disallowing any credit for dependents. [The Facts] Petitioner is a resident of Wheeling, West Virginia. She filed returns for 1939 and 1940 with the collector of internal revenue for the district of West Virginia. During 1939 and 1940 petitioner was a widow over 75 years of age. She owned her own home where she resided with her married daughter, Marie R. Woods, her daughter's husband, Louis F. Woods, and their two children, William Louis Woods and Marie Elizabeth Woods, both under 18 years of age. Petitioner was a woman of considerable means. Before her daughter's marriage it was agreed that the daughter and her husband would live with her in her home. She had no other children. During the taxable years petitioner paid more than 80 percent of the cost of maintaining the home, including the cost of food and *157 other general household expenses. She also paid the school expenses of the children and purchased most of their clothing. Petitioner's son-in-law was employed as a real estate and insurance broker. He devoted part of his time to looking after petitioner's properties, for which he received remuneration. He received income of approximately $2,500 in each of the years 1939 and 1940. Approximately $640 of the income which he received in 1940 was on a drawing account with Rolf, Ferrell and Woods, Inc. He turned over about $1,250 of his 1940 earnings to his own mother who had no other means of support. In his income tax return for 1940 he claimed credit for one dependent, whose identity was not disclosed. He filed no return for 1939. Testimony was given by the son-in-law in this proceeding that he carried a large amount of insurance and that he paid the premiums thereon out of his earnings; that he also paid the expenses of operating an automobile which he used in his business; that he did not have sufficient income, after these expenditures for his children's support; that while he and his wife had legal custody of the children during the taxable years they, the children, were largely *158 under the control of the petitioner by reason of the fact that she paid most of their living expenses. Section 25 of the Revenue Act of 1938, effective for 1939, provides in part as follows: * * * * *
SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * * * *
(b) Credits for both Normal Tax and Surtax. - There shall be allowed for the purposes of the normal tax and the surtax the following credits against net income: (1) Personal Exemption. - In the case of a single person or a married person not living with husband or wife, a personal exemption of $1,000; or in the case of the head of a family or a married person living with husband or wife, a personal exemption of $2,500. A husband and wife living together shall receive but one personal exemption. The amount of such personal exemption shall be $2,500. If such husband and wife make separate returns, the personal exemption may be taken by either or divided between them. (2) Credit for Dependents. - $400 for each person (other than husband or wife) dependent upon and receiving his chief support from the taxpayer if such dependent person is under eighteen years of age or is incapable of self-support because mentally or physically *159 defective. For 1940 the personal exemption for a single person was reduced to $800. [Opinion] We do not think that the evidence of record establishes petitioner's right during either of the taxable years to a personal exemption as head of a family or to any credit for dependents. The "head of a family" is defined in section 19.25-4 of Regulations 103 as: * * * an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. * * * We do not think that the petitioner here was under any normal or legal obligation to support her daughter's children, or that they were actually dependent upon her for support. While the earnings of her son-in-law were not large they were at least sufficient to provide most of the essential needs of his children, so they were not dependent upon petitioner's support. Apparently petitioner's contribution to the family expenses and her support of the grandchildren were based upon her natural desire *160 to provide her only daughter and her family with comforts which they otherwise would not have been able to enjoy, in return for their companionship. The status of head of a family, as well as the credit for dependents, are based upon actual dependency and not merely a desire to alleviate the financial burdens or better the living conditions of one's relatives. The facts here closely resemble those in Crawford H. Ellis, 40 B.T.A. 735; aff'd., 110 F.2d 954, where we said: Granting, for the purpose of discussion, that the facts bring the petitioner within the words of the quoted definition, it does not follow that he is the head of a family. The definition is framed for the purpose of ascertaining which individual of a family group is to be considered the head of that group and shall receive the larger credit. The statutory phrase is "the head of a family." Obviously, this means but one person may be the head of a family and the definition must be read in the light of that premise. Otherwise, it might be that more than one person would be entitled to the family head credit. For example, a father and mother might each *161 contribute equal sums in payment of the food, lodging, etc., for themselves and their children, and each would thus literally come within the definition. Under petitioner's view, carried to the extreme, a family could have as many "heads" as there are adults living in the household and contributing materially to the support of the minor children. It is too clear for argument that this is not the intent of either the statute or the regulations. In this case the Hindermanns - husband and wife and two sons - constituted a family. Although one son was supported entirely by his grandfather, he was not thereby removed from the Hindermann family fold. He was not adopted by the grandfather and he at all times lived in the same household with his parents and his brother. Franz Hindermann was the head of his family under the generally recognized principle of law that the husband is the head of the family, and, in the absence of unusual circumstances, he should be so regarded here. * * * Here, too, the father, Louis F. Woods, was living with his wife and children and regularly contributing to their support. He was the head of his family group. We think that the respondent was correct in allowing *162 the petitioner a personal exemption of $1,000 in 1939 and $800 in 1940 as a single person without dependents. Decision will be entered for the respondent.